UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DDLI LOGISTICS LLC,

       Plaintiff,

                                  Civil Case No. 20-11872
v.                                 Honorable Linda V. Parker

METALSA S.A. de C.V.,
METALSA STRUCTURAL
PRODUCTS, INC

       Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO EFFECT
ALTERNATIVE SERVICE ON DEFENDANT (ECF NO 31),
AND DENYING IN PART AND GRANTING IN PART PLAINTIFF'S
REQUEST FOR STATUS CONFERENCE AND MOTION FOR AN
EXTENSION OF TIME TO PERFECT SERVICE (ECF NO. 29)**

This is a lawsuit arising from a contractual dispute.  On August 20, 2020,

Plaintiff DDLI Logistics LLC, doing business as American Rail Center Logistics

(hereafter "American Rail"), filed an Amended Complaint against Defendant

Metalsa S.A. de C.V. (hereafter "Metalsa Mexico"). (ECF No. 12.)  On October

20, 2020, American Rail filed a "Motion for Alternative Service or, Alternatively,

an Extension of Time to Perfect Service on Defendant Metalsa S.A. de C.V."

(ECF No. 25.)  The Court granted American Rail's request for an extension of time

to perfect service of the summons and Amended Complaint on Metalsa Mexico but

denied American Rail's request to serve Metalsa Mexico through physical delivery

or delivery through a commercial carrier under the Hague Convention due to
Mexico's objection to service by mail.  (ECF No. 26.)  *See Hague/Inter-American:*
*Mexico*, Travel.State.Gov, (Oct. 19, 2017), https://perma.cc/YXP3-Q3U2.  This
matter is presently before the Court on American Rail's "Request for Leave to
Effect Alterative Service on Defendant Metalsa S.A. de C.V." (ECF No. 31.)  The
motion is fully briefed.  (ECF Nos. 32, 33.)

## Background

According to American Rail, Brooks Wilkins Sharkley & Turco PLLC
("Brooks Wilkins"), the law firm that represented Metalsa Mexico's U.S.
subsidiary in this matter, also represents Metalsa Mexico.  (ECF No. 31 at pg. ID
229.)  However, in a correspondence from June 2020, Brooks Wilkins indicated
that it was not authorized to accept service on behalf of Metalsa Mexico because it
is a Mexican corporation.  After Brooks Wilkins declined to accept service,
American Rail engaged alternative service options pursuant to the procedures
established by the Hague Service Convention ("Hague Convention").  To expedite
this process, American Railed hired Cacheaux, Cavazos & Newton, LLP—an
international law firm with offices throughout Mexico[1]—to serve the summons and
Amended Complaint on Metalsa Mexico.  Despite continued efforts to serve

---

[1] The firm also has an office in Monterrey, Mexico, which is where Metalsa
Mexico's global headquarters is located. (*See* ECF No. 31 at Pg ID 229.)

2

Metalsa Mexico through the Hague Convention, American Rail has been unsuccessful.

## Applicable Law

Federal Rule of Civil Procedure Rule 4(f) provides three methods to service for defendants in foreign countries: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"; (2) where there is no international agreement as to means or where an agreement allows service by unspecified means, "by a method that is reasonably calculated to give notice . . . unless prohibited by the foreign country's law"; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 37(f).  When a plaintiff requests alternative service under Rule 4(f)(3), "the chosen method must comport with constitutional notions of due process, namely that the service of process be reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Gamboa v. Ford Motor Co.*, 414 F. Supp. 3d 1035, 1042 (E.D. Mich. 2019) (citing *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 291 F.R.D. 172, 174 (S.D. Ohio 2013)).  District Courts have "wide discretion to order service under Rule 4(f)(3) in order to enable the court to fit the manner of service to the facts and circumstances of a particular

case." *BBK Tobacco & Foods, LLP v. Gooshelly*, No. 20-10025, 2020 WL 2315879, at *2 (E.D. Mich. May 11, 2020) (citing *U.S. Commodity Futures Trading Comm'n v. Majestic Enters. Collision Repair, Inc.*, 2011 WL 767890, at *3 (N.D. Ohio Feb. 28, 2011)).

## Analysis

Because of continued delays in serving Metalsa Mexico, American Rail requests leave to effectuate service of the summons and Amended Complaint by three possible methods: (1) by serving Metalsa Mexico by certified and electronic mail through its U.S. counsel at Brooks Wilkins; (2) by serving Metalsa Mexico through its Executives; or (3) by serving Metalsa's U.S. subsidiary (ECF No. 31 at Pg ID 231.)  This district in *Gamboa* held that service on a foreign company's general website e-mail address satisfied due process requirements because it was "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections" *Gamboa*, 414 F. Supp. 3d at 1042.  In reaching its conclusion, the court noted that in addition to comporting with due process, courts also require "a showing that reasonable efforts to serve the defendant have already been made, and that the Court's intervention will avoid further burdensome or futile attempts at service." *Gamboa*, 414 F. Supp. 3d at 1040 (quoting *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, 250 F. Supp. 3d 296, 306 (W.D. Ky. 2017)); *Sogefi*

*USA, Inc. v. BASF Corp.*, No. 21-12706, 2022 WL 1599435, at *1 (E.D. Mich. May 20, 2022).

First, American Rail attempted to effectuate service through physical delivery and commercial carrier but was prevented by Mexico's policy of not accepting service through mail. Next, American Rail attempted to serve Metalsa Mexico through its U.S. counsel, who would not accept service due to a lack of authority. Finally, American Rail engaged in the service process under the Hague Convention, which has continued well over a year and due to a lengthy process, may continue through 2023. (ECF No. 31 at Pg ID 230.) The Court finds that American Rail's attempts to serve Metalsa Mexico are well within the realm of what would be considered "reasonable efforts."

Co-defendant in this matter, Metalsa Structural Products, Inc. ("Metalsa U.S."), objects to the Court granting American Rail leave to effectuate alternative service arguing that: (1) "the Summons expired months ago and there is no good cause to extend it;" and (2) even if the summons were valid or revised, [American Rail] fails to show reasonable diligence in its attempt to serve Metalsa Mexico by regular means under Fed. R. Civ. P. 4." (ECF No. 32 at Pg ID 353.) However, the Court disagrees for the reasons already stated. Further, Metalsa U.S. maintains that because of a failure to timely serve Metalsa Mexico, the case should be dismissed. However, "[t]he Sixth Circuit has provided no guidance on a trial

5

court's discretion to dismiss a complaint against a foreign defendant for lack of service." *Gamboa*, 414 F. Supp. 3d 1035, 1041 n.3 (E.D. Mich. 2019).  As such, the Court will direct the Clerk of the Court to issue a new summons on Metalsa Mexico.

In its motion, American Rail noted that during "pre-suit negotiations," it communicated with Metalsa Mexico Executives through e-mail.  (ECF No. 31 at Pg ID 234; Exs. 1-3, ECF No. 31-1.)  To "avoid further burdensome and futile attempts at service," *see Gamboa*, 414 F. Supp. 3d at 1040, and to preserve district precedent, the Court is granting American Rail's request for leave to serve the summons and Amended Complaint on Metalsa Mexico through e-mail pursuant to Rule 4(f)(3).  Finally, because the Court is granting American Rail's motion for alternative service, the Court is denying American Rail's request for a scheduling hearing as moot, and granting American Rail leave for extension of time to perfect service.

Accordingly,

**IT IS ORDERED**, that the request for leave to effectuate alternative service (ECF No 31) is **GRANTED**, and the request for a status conference and motion for extension of time to perfect service (ECF No. 29) is **GRANTED IN PART AND DENIED IN PART.**

6

**IT IS FURTHER ORDERED**, that the Clerk of the Court shall issue a new summons for Defendant Metalsa S.A. de C.V.

**IT IS FURTHER ORDERED**, that American Rail shall serve a copy of the summons and Amended Complaint on Metalsa Mexico by electronic mail (1) through its general corporate website and (2) directly to the Metalsa Mexico Executives that it was in communication with during the pre-suit negotiations.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 28, 2022

7