UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DDLI LOGISTICS LLC,

                Plaintiff,

v.                                                   Civil Case No. 20-11872
                                                   Honorable Linda V. Parker

METALSA SA de CV,
METALSA STRUCTURAL
PRODUCTS, INC.

                Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF NO. 57) AND DENYING AS MOOT PLAINTIFF'S MOTION TO ADJOURN SCHEDULING ORDER (ECF NO. 52)**

These matters come before the Court on Plaintiff DDLI Logistics LLC, doing business as American Rail Center Logistics' (hereafter "American Rail") motion to adjourn scheduling order and motion to compel. (ECF Nos. 52, 57.) Defendants Metalsa S.A. de CV ("Metalsa Mexico") and Metalsa Structural Products, Inc. ("Metalsa U.S."), collectively ("Defendants" or "Metalsa") oppose the motions.

Finding the facts and legal arguments sufficiently presented in the parties' briefs (ECF Nos. 52, 54, 55, 57, 58, 60), the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the

reasons that follow, the Court grants Plaintiff's motion to compel (ECF No. 57) and denies, as moot, Plaintiff's motion to adjourn (ECF No. 52).

## I.     Factual Background

The Court incorporates the factual background from its Opinion and Order on Defendant's Motion to Dismiss (ECF No. 27 at PageID. 183-87.) To summarize, American Rail provides "supply-chain support and resources, in the form of logistical, shipping, and storage services to a variety of companies." (ECF No. 12 at PageID. 74 ¶ 16.) The support and resources include transloading, warehousing, trucking, rail transportation, foreign trade zone containment, and intermodal freight transport. (*Id.*) "Metalsa is a large international company involved in the automotive industry, providing automotive manufacturers with parts for trucks and passenger cars." (*Id.* ¶ 20.)

The parties entered into an agreement where American Rail would develop a supply-chain logistics plan to transport auto parts from Mexico to Ohio. (*Id.* ¶¶ 2, 23.) After entering the Agreement, American Rail developed a supply-chain logistic plan to ship Metalsa's automotive frames from Mexico to Toledo, Ohio and disclosed this confidential information to Defendants. (*Id.* ¶¶ 5, 33-36.) Following American Rail's disclosure of its confidential information in the proposed business plan, Defendants did not retain American Rail. However, Defendants utilized the confidential information without American Rail's written

2

consent. (*Id.* ¶¶ 7, 38, 39.) On July 9, 2020, American Rail filed this lawsuit alleging: (I) breach of contract; (II) unjust enrichment; (III) tortious interference with contract; and (IV) civil conspiracy. (ECF No. 1.)

On August 18, 2023, American Rail filed the instant motion to adjourn the scheduling order, citing Defendants' alleged delay in producing requested discovery. (*See* ECF No. 52 at PageID. 445-49.) Thereafter, the Court held a status conference on September 11, 2023, and directed American Rail to file the instant motion to compel. (*See* September 11, 2023 Text-Only Order.)

American Rail's motion seeks to compel the following: (1) supplemental responses to its Requests for Production ("RFPs") by conducting email searches of six of Defendants' employees for the period between February 1, 2019 and November 1, 2019 with regard to efforts to obtain a logistics plan and production of all documents responsive to search terms agreed upon by the parties; (2) all communications and documents between Defendants and Maumee Stamping and Assembly, LLC ("Maumee Stamping") through November 1, 2019 related to efforts to extend their relationship, specifically communications from three Maumee Stamping employees: Phil Caron, Jim Young and Nakia Williamson; and (3) invoices from Maumee Stamping and evidence of payment from Maumee Stamping. (ECF No. 57 at PageID. 562-63.)

Defendants oppose the motion to compel by arguing that: (1) they have produced all documents responsive to American Rail's requests, *see* ECF No. 58 at PageID. 747-55; (2) any communications between Defendants and Maumee Stamping must be limited to American Rail's specific requests for warehousing in Ohio, *see id.* at PageID. 755-57; (3) any communications between Defendants and Maumee Stamping must be limited to September 1, 2019, as only relevant communications were prior to September 1, 2019, *see id.* at PageID. 757-78; (4) American Rail's motions are procedurally deficient, *see id.* at PageID. 761-62; and (5) American Rail's motion is untimely, *see id.* at PageID. 762-64.

## II.    Legal Standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  As Rule 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable

or less probable than it would be without the evidence." Fed. R. Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

### III.   Legal Analysis

A. <u>Requests for Production</u>

American Rail seeks responses to eight RFPs from Defendant Metalsa Mexico, *see* ECF No. 57 at PageID. 640-41 and four RFPs from Defendant Metalsa U.S., *see id.* at PageID. 642. Defendant Metalsa Mexico argues that it adequately responded to five of the eight RFPs. (*See* ECF No. 58 at PageID. 748-52.) Defendant Metalsa Mexico objected to RFP No. 10 but, without waiving its objection, produced documents responsive to this request. (*See* ECF No. 60-2 at PageID. 853.) Defendant Metalsa Mexico argues, in response to RFP No. 14, that they produced documents responsive to this request through September 1, 2019, but American Rail seeks documents produced through November 1, 2019. (*See* ECF No. 58 at PageID. 758-60.)

American Rail seeks a supplemental response to RFP No. 13, which reads: "Produce all Documents and/or Communications Concerning Your efforts to find a logistic supplier from the three (3) years prior the execution of the Mutual

Confidentiality and Non-Use Agreement attached as Exhibit 1 to the Amended Complaint up to the present." (ECF No. 60-2 at PageID. 854.) Defendant Metalsa Mexico responded: "Metalsa Mexico did not search for a 'logistics supplier,' but instead sought only to locate a service provider for warehousing and sequencing as contained in the RFQ."

With respect to Defendant Metalsa U.S., it argues that it adequately responded to the RFPs, by either producing documents responsive to the request or stating that none exist. (*See* ECF No. 58 at PageID. 753-55; *see also* ECF No. 60-3 at PageID. 866, 868-69.) American Rail seeks a supplemental response to RFP No. 14 which reads: "Produce all Documents and/or Communications Concerning Your efforts to find a logistic supplier from the three (3) years prior the execution of the Mutual Confidentiality and Non-Use Agreement attached as Exhibit 1 to the Amended Complaint up to the present." (ECF No. 60-3 at PageID. 869.) Defendant Metalsa U.S. responded as follows: "Metalsa U.S. did not search for a 'logistics supplier.'" (*Id.*)

On reply, American Rail states that supplemental discovery was produced after filing the instant motion to compel and only asserts that the responses to RFP Nos. 13 and 14 were deficient. (ECF No. 60 at PageID.829, 831.) The Court will focus only on them here. The parties appear to disagree on the use of certain terms while producing documents responsive to the RFPs. In its reply, American Rail

argues that Defendants' non-production based on their use of the term "logistics supplier" is at odds with Federal Rule of Civil Procedure 34. (*Id.*)

Under Rule 34, a party must produce relevant documents and electronically stored information. Fed. R. Civ. P. 34(a)(1)(A). Defendants do not dispute that documents sought are relevant.  Instead, they argue that "'logistics supplier' is undefined and not capable of ordinary meaning." (*See* ECF No. 60-2 at PageID. 850.) Defendants state that, while conducting their business operations, they were not in search of a 'logistics supplier' but were in search of a "service provider for warehousing and sequencing." (*Id.* at PageID. 854.)

It appears, for purposes of these RFPs, that these phrases, 'logistics supplier' and 'warehousing and sequencing,' are used interchangeably to describe the storage of vehicle frames as they come to the United States from Mexico. (*See* ECF No. 60 at PageID. 831 ("[Defendant] used different words to describe the services.")). Because these phrases are used interchangeably, and Defendants have an obligation to adequately respond to American Rail's discovery requests, Defendants shall supplement their responses to American Rail's discovery requests to adequately respond to RFP No. 13 in the case of Defendant Metalsa Mexico and RFP No. 14 in the case of Defendant Metalsa U.S.

B. <u>Communications between Defendants and Maumee Stamping</u>

As previously mentioned, Defendant Metalsa Mexico has produced communications between themselves and Maumee Stamping for the period ending September 1, 2019. American Rail seeks to compel further communications for the sixty-day period up to November 1, 2019. (ECF No. 60 at PageID. 834.) American Rail argues that this information is necessary to refute one of Defendants' argument that there was a preexisting relationship between Maumee Stamping and Defendants. (ECF No. 57 at PageID. 650.) They also argue that it will provide insight into their damages calculation. (*Id.* at PageID. 651.) They further argue that there is no prejudice, and the use of search terms will be necessary to obtain documents related to these requests. (ECF No. 60 at PageID. 835.)

Defendants argue that any relief sought related to communications should be limited to specific production requests and the parties attempt at providing warehousing services, not the entire vehicle program for which the stored parts would, ultimately, be incorporated. (ECF No. 58 at PageID. 755.)

Rule 26 of the Federal Rules of Civil Procedure permits a party to obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26. Defendants argue that the scope of discovery sought should be limited only to the relevant topic of warehousing in Ohio. (ECF No. 58 at PageID. 755.) The Court agrees.

"Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citation omitted).

The Court finds these communications relevant both for damages calculations and to refute a party's claim. The Court will therefore compel Defendants to produce communications pursuant to agreed upon search terms, between themselves and Maumee Stamping, related to warehousing services in Ohio for the period between September 1, 2019, and November 1, 2019.

C. Invoices from Maumee Stamping

American Rail seeks to compel invoices Defendants received from Maumee Stamping and evidence of payment from Maumee Stamping. (*See* ECF No. 57 at PageID. 633.) Defendants argue that the invoices are not relevant to any claim, are only relevant to an inquiry for damages, and were not previously requested. (*See* ECF No. 58 at PageID. 760-61.)

On reply, American Rail argues the invoices are relevant, as they will rebut Defendants' argument that they had a preexisting relationship with Maumee Stamping and they will support the claims against Defendant Metalsa U.S. (*See* ECF No. 60 at PageID. 834.) Further, American Rail argues that these were

requested in its discovery requests and that the definition "Document" is broad and included invoices. (*Id.*)

American Rail's discovery request defined "Document" in its "broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure" and read that it shall include but not be limited to:

> any letter, handwritten note, diary, calendar, file, canceled check, e-mail, income tax return, memorandum, report, correspondence, inter-corporate or intra-corporate communication, notebook, photograph, print, drawing, plan, sketch, computerized datum, printout, printed form, manual, brochure, list, publication, advertisement, cablegram, telegram, microfilm, and microfiche**, and any other written or otherwise recorded matter**, as well as any draft or copy thereof that is not identical because of handwritten notes or markings (including but not limited to underlining) or any other difference.

(ECF No. 57-4 at PageID. 680; ECF No. 57-5 at PageID. 702) (emphasis added).

Rule 34(a)(1)(A) permits a party to serve on another party, a request to produce any designated documents—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained from. The request must describe with reasonable particularity each item or category of items. Fed. R. Civ. P. 34(b)(1)(A).

The term "Document," in this discovery request, was intended to include invoices. There has been no assertion that the invoices are protected by any privilege or are otherwise nondiscoverable. Further, the invoices are relevant when

conducting a damages calculation. *See Clare v. Chrysler Grp., LLC*, No. 13-11225, 2014 WL 2514563, at *17-18 (E.D Mich. 2014) ("The Court grants Plaintiffs' motion to compel because information sought is relevant to damages calculations."). As a result, the Court will compel the production of the invoices between Defendants and Maumee Stamping.

### D. Timeliness and Compliance with Local Rules

Last, Defendants argue that Plaintiff's motion should be denied for failure to comply with Local Rule 37.2, which requires the party to attach the disputed discovery. L.R. 37.2. It appears that Plaintiff's disputed discovery was attached as Exhibits 4 and 5 to its motion. (*See* ECF No. 57-4; *see also* ECF No. 57-5.) Moreover, in compliance with Local Rule 37.1, Plaintiff wrote a letter to the Court and advised of the discovery dispute and the attempts to resolve it by written correspondence. The letter to the Court narrowed the issues. This was in compliance with the Court's practice guidelines.  Moreover, for reasons similar to the timeliness of the motion as discussed below, the Court will not deny the motion as procedurally deficient.

Further, with respect to the timeliness of the motion, "there is no authority that automatically precludes the filing of a motion to compel discovery after the close of discovery and after the filing of dispositive motions," as "it is within the discretion of the Court." *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196,

11

199 (E.D. Mich. 2002). Given that the Court directed Plaintiff to file the instant

motion at the status conference, the Court will not deny the motion as untimely.

The Court will amend its scheduling order to allow compliance with this order. As

a result, Plaintiff's motion to adjourn is denied as moot.

### IV.    Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel (ECF No.

57) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to adjourn (ECF No.

52) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court will issue an amended

scheduling order.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: March 5, 2024